# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### FT. MYERS DIVISION

**KARTER RIEVES, ACCESS NOW, INC.,**

       **Plaintiff,**

-vs-                                          Case No. 2:04-cv-37-FtM-33DNF

**STEER-MILL, INC.,**

       **Defendant.**

_____/

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **PLAINTIFFS' MOTION FOR ATTORNEYS' AND EXPERT'S FEES, LITIGATION EXPENSES AND COSTS (Doc. No. 21)** |
| **FILED:** | April 22, 2005 |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

This action was brought pursuant to the Americans with Disabilities Act on the property known as the Top O' Mast located at 1028 Estero Boulevard, Fort Myers Beach, Florida. On April 25, 2005, the Honorable Virginia M. Hernandez Covington, United States District Judge referred Plaintiffs' Motion for Attorneys' and Expert's Fees, Litigation Expenses and Costs (Doc. 21) to this Court for the issuance of a Report and Recommendation. The Defendant failed to respond to the Motion for Attorneys' and Expert's Fees, Litigation Expenses and Costs.

On February 3, 2005, the Clerk of Court entered a default against the Defendant Steer-Mill, Inc.  On March 25, 2005, the District Court entered an Order (Doc. 20) granting the Motion for Default Judgment and deemed the factual allegations in the Amended Complaint to be admitted.

Pursuant to 42 U.S.C. §12205,

> In any action or administrative proceeding commenced pursuant to this Act, the court or agency, in its discretion, may allow the prevailing party, other than the United States a reasonable attorney's fee, including litigation expenses, and costs, and the United States shall be liable for the foregoing the same as a private individual.

The Plaintiffs are requesting $1,707.00 in attorneys' fees, $300 in expert fees, and $308.38 in costs for a total award of $2,315.38.  A review of the billing shows that Gregory Schwartz spent .6 hours at a rate of $280.00 per hour (.6 x 280 = $168.00);  Stephan Nitz spent 4.5 hours (however .9 hours to draft amended complaint was not billed) at a rate of $265.00 (3.6 x 265 = $954.00), and Bartoscz Ostrzenski spent 2.6 hours at a rate of $225.00 per hour (2.6 x 225 = $585.00).

To determine a reasonable award of attorneys' fees, the Court must apply the law as stated in the case of *Norman v. Housing Authority of the City of Montgomery*, 836 F.2d 1292 (11th Cir. 1988). As stated in *Norman*, the starting point in any determination for an objective estimate of the value of an attorney's services is to multiply hours reasonably expended by a reasonable hourly rate. *Id.* at 1299, citing *Hensley v. Eckerhart*, 461 U.S. 424 (1983).

Hourly Rate

A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experiences and reputation. *Blum v. Stenson*, 465 U.S. 886, 895-96 n.11, 104 S.Ct. 1541, 1547 n.11, 79 L.Ed.2d 891 (1984). The burden lies with the applicant to establish that the requested rate is in line with the prevailing market rates.

Mr. Schwartz has been a member of the Florida Bar since 1996, Mr. Nitz has been a member of the Florida Bar since 1995, and Mr. Ostrzenski has been a member of the Florida Bar since 2003. The Court finds that Mr. Schwartz's and Mr. Nitz's rates are reasonable for the number of years they have practiced, and for their experience. Therefore the Court will award a rate of $280.00 per hour for Mr. Schwartz and $265.00 per hour for Mr. Nitz.

Mr. Ostrzenski has been a member of the Florida Bar since 2003. At the time this case was brought in January 2004, Mr. Ostrzenski had been a member of the Florida Bar for less than a year. Mr. Ostrzenski has not shown that he has the skill, experience or reputation to warrant an hourly rate of $225.00. Therefore, the Court will recommend that the District Court reduce Mr. Ostrzenski's rate to $190.00 per hour, and deduct $91.00 from the award of attorneys' fees for a total award of $1616.00.

Number of Hours

In determining reasonable hours expended, the Court must consider the *Johnson* factors which are as follows: (1) the time and labor required; (2) the novelty and difficulty of the issues; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in

similar cases. *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-719 (5th Cir.[1] 1974), *see also*, *Dowdell v. City of Apopka, Florida*, 698 F.2d 1181, 1187, n. 8 (11th Cir. 1983). In reviewing the hours of the attorneys, the Court cannot award compensation for hours that are excessive, redundant or otherwise non-billable time. *See*, *Hensley*, 103 S.Ct. at 1939. After review of the billing records, the Court determines that the hours charged are reasonable.

Costs and Litigation Fees

The Plaintiffs seek reimbursement for costs in the amount of $608.38 incurred in this case. The expert, Tcherneschoff Consulting charged $300 to perform the pre-litigation inspection, and the final inspection. The Court determines that this fee is reasonable. The Court finds that the postage charges are part of the overhead of a law firm and are not taxable. *See, Dowdell v. City of Apopka, Florida*, 698 F.2d 1181, 1192 (11th Cir. 1983). Therefore, the Court will recommend that $14.79 be deducted from the costs. The Court will allow the other listed costs and recommend that the District Court award costs in the amount of $593.59.

**Conclusion**

The Court respectfully recommends that the Plaintiffs' Motion for Attorneys' and Expert's Fees, Litigation Expenses and Costs (Doc. 21) be granted in part, and the Court award $1616.00. in attorneys' fees, and $593.59 for costs and expenses, for a total award of $2209.59.

---

[1] In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir., 1981) (*en banc*),the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Respectfully recommended in Chambers in Ft. Myers, Florida this 18th       May, 2005.

_____
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies:

All Parties of Record