# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FT. MYERS DIVISION

**KARTER RIEVES, ACCESS NOW, INC.,**

      **Plaintiffs,**

**-vs-**         Case No.  2:04-cv-37-FtM-33DNF

**STEER-MILL, INC.,**

      **Defendant.**
_____/

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **MOTION FOR RELIEF FROM JUDGMENT, TO QUASH SERVICE AND TO DISMISS (Doc. No. 27)** |
| **FILED:** | **July 18, 2005** |

**THEREON** it is **RECOMMENDED** that the Motion for Relief from Judgment be **GRANTED,** the Motion to Quash Service be **GRANTED**, and the Motion to Dismiss be **DENIED**.

    Defendant, Steer-Mill, Inc. d/b/a/ Top O'Mast ("Steer-Mill") is requesting that the Court set aside the Judgment (Doc. 26) entered on June 8, 2005, quash service of process which was returned (See, Doc. 14) on October 6, 2004, and an Amended Return of Service (Doc. 16) on October 27, 2004, and dismiss this action.  Steer-Mill claims that Plaintiffs Karter Rieves and Access Now, Inc. did not properly serve Steer-Mill.

Dockets.Justia.com

Plaintiffs are requesting that the Court set aside the Judgment pursuant to Fed.R.Civ.P. 60(b)(4). Rule 60(b)(4) provides,

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: ... (4) the judgment is void.

The motion must be made within a reasonable time. *See*, Fed.R.Civ.P. 64(b). When service of process is insufficient, then a court has no personal jurisdiction over the defendant, and the judgment entered is void. *In re Worldwide Web Systems, Inc.*, 328 F.3d 1291, 1299 (11th Cir. 2003), *Davies v. MidWestern Corp.*, 214 F.R.D. 699, 700 (M.D. Fla., 2003). The defendant bears the burden of showing that a default judgment is void for lack of proper service. *Davies v. MidWestern Corp.*, 214 F.R.D. at 700.

Steer-Mill argues that it was never properly served. The registered agent for Steer-Mill is Steven Strauss, and he was never served with process. The Return of Service (Doc. 14) and the Amended Return of Service (Doc. 16) were served on "DAN KLINE as MANAGER ON DUTY." Steer-Mill contends that Dan Kline is simply a bartender at the Top O'Mast restaurant and is not a manager of the Steer-Mill, Inc. corporation, therefore, the corporation was not properly served.

Rules 4(e)(1) and 4(h) provide that the proper service of process on a corporation must be made "pursuant to the laws of the state in which the district court is located" or "or by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant." Fed.R.Civ.P. 4(e)(1) and 4(h). Fla. Stat. §48.081 provides for service on process on a corporation, by having process served:

    (a) On the president or vice president, or other head of the corporation;
    (b) In the absence of any person described in paragraph (a), on the cashier, treasurer, secretary, or general manager;
    (c) In the absence of any person described in paragraph (a), or paragraph (b), on any director; or
    (d) In the absence of any person described in paragraph (a), paragraph (b), or paragraph (c), on any officer or business agent residing in the state.

In the instant case, Plaintiffs served Dan Kline claiming that he was the "manager on duty" and therefore the corporation was properly served. Defendant argues that Dan Kline was never the manager of the corporation and was not the "manager on duty" at the time of service. Even assuming that Dan Kline was the "manager on duty" at the time of service, he is not the general manager of the Steer-Mill, Inc. corporation. At most he may have been the manager of the restaurant on the date in question. The Court concludes that Plaintiffs failed to properly serve Steer-Mill, Inc. when it served Dan Kline rather than the persons listed in the federal and Florida statutes.

      Plaintiffs argue that the default should not be set aside because Plaintiffs had actual notice of the lawsuit. Plaintiffs attach a letter from Defendant's insurance company stating that the insurance company "acknowledges receipt of the law suit filed by Karter Rieves against Steer-Mill, Inc., a Florida corporation d/b/a Top O'Mast, pending in the United States District Court for the Middle District of Florida, Fort Myers Division, Case No. 2-04-CV-00037-VMC-DNF." Plaintiffs argue that Defendant's insurance company knew of the lawsuit, therefore, Defendant must have known of the lawsuit. "[A]ctual notice does not cure defectively executed service." *Davis v. Belk-Hudson Co. of Tifton, Inc.*, 173 F.R.D. 323, 326 (M.D. Ga. 1997), *citing Schnabel v. Wells*, 922 F.2d 726, 728 (11th Cir. 1991), *See also, S.H. v. Department of Children and Families*, 837 So.2d 1117, 1118 (Fla. 4th DCA, 2003). Therefore, even though Defendant arguably received notice of the pending lawsuit, this

notice does not cure defective service. The Court concludes that service of process should be quashed, and that the default and default judgment should be set aside.

Defendant is also requesting that Plaintiffs' case be dismissed for lack of service. Pursuant to Fed.R.Civ.P. 4(m), a plaintiff has 120 days after filing a complaint to perfect service on the defendant. In this case, proper service of process was never perfected, and the 120 day time limit has passed. Rule 4(m) provides, however, " that if the plaintiff shows good cause for the failure [of service], the court shall extend the time for service for an appropriate period." In this case, Plaintiffs have shown good cause for the failure of service of process. Plaintiffs relied on his process server to serve a proper party in the corporation. The process server served an individual who claims he was the "manager on duty". Plaintiffs attempted in good faith to serve the proper party, but failed. Therefore, the Court concludes that Plaintiffs should be given additional time to serve Steer-Mill.

It is respectfully recommended that service be quashed, that the default and default judgment be set aside, that Plaintiffs be given thirty (30) days to serve Defendant, and that this case be reopened.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Respectfully recommended in Chambers in Ft. Myers, Florida this __8th__ day of September, 2005.

_____
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies:

All Parties of Record